JAMES S. KNOPF (CSBN 178934)
LAW OFFICES OF JAMES S. KNOPF
1840 Gateway Drive, Suite 200
San Mateo, CA 94404
Tel: 650-627-9500
Fax: 888-808-5001
Email: jsk@knopflaw.com

Along with other Plaintiff's Counsel

FILED
2008 OCT 10 AM 11:55
BY:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Obelia D. Villaflor and William Famularo, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>Defendant. | Case No.: 2:08-cv-1482 DOC (MLGx)<br><br>Judge: Hon. David O. Carter<br><br>Magistrate Judge: Marc L. Goldman<br><br>**Second Amended Class Action Complaint for Violations of the FCRA - 15 U.S.C. §1681 et seq.**<br><br>BY FAX<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Obelia D. Villaflor and William Famularo, ("Plaintiffs"), individually and on behalf of all similarly situated individuals, allege the following:

**JURISDICTION**

1. This action is brought by Plaintiffs as a class action on behalf of themselves and the class of consumers defined herein against the named defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, as amended ("FCRA").

2. Federal question jurisdiction properly exists over this action under 15 U.S.C. §1681p and 28 U.S.C. §§1331 and 1337.

3. Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant") is a business entity that regularly conducts business throughout every state and county of the United States and, as a corporation that conducts business in the State of California, is a citizen of the State of California. Experian is a "consumer reporting agency", as defined

in 15 U.S.C. §1681(f). Experian is regularly engaged in the business practice of assembling, evaluating, and disbursing information concerning consumers for the purpose of preparing and furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(f).

**VENUE**

4. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b) and based upon the following:
   a. Defendant transacts business in this District.
   b. The parties have agreed that the Northern District of California, San Francisco Division is a proper venue for this action. Accordingly, the parties have requested that the Court transfer the instant action to the Northern District of California, San Francisco Division.
   c. At all times material hereto, the Defendant was and continues to be a corporation engaged in business activities in San Francisco County, California, and as such is a citizen of the State of California.
5. The lead plaintiffs are individuals residing in California and are each a "consumer" as that term is defined by 15 U.S.C. §1681 *et seq.*, as amended, including 15 U.S.C. § 1681a(c).

**FACTS COMMON TO ALL COUNTS**

6. Plaintiffs are natural persons domiciled in, and citizens of, California. Plaintiffs are members of the classes defined herein. Defendant is a consumer reporting agency which has compiled and disclosed certain information about the Plaintiff and the class on their consumer reports.
7. On or about May 7 and May 31 2007, respectively, Defendant Experian provided Plaintiff VILLAFLOR with "credit report[s]" (Report numbers 2977280667 and 3650499223), alternatively referred to as "consumer disclosure[s]", "file disclosure[s]", or "consumer report[s]".

8. On or about April 13, 2008, Defendant Experian provided Plaintiff FAMULARO with a "credit report" (Report number 1533886740).

9. Defendant Experian has continuously erroneously, inaccurately, and unclearly disclosed alleged past due information in the "status" field on the Plaintiffs' consumer disclosure.

10. On Plaintiff VILLAFLOR's reports, Experian has disclosed an account with TNB-Target in the "status" line is: "Discharged through Bankruptcy Chapter 13/Past due 90 days". The current status of the account cannot be past due if it was discharged in bankruptcy. This information is erroneous, inaccurate, and unclear to the consumer and any potential person viewing this report.

11. On Plaintiff FAMULARO's report, Experian has disclosed an account with American General Finance in the "status" line is: "Paid,Closed/Past due 150 days". Similarly, the current status of the account cannot be past due if it was paid. This information is erroneous, inaccurate and unclear to the consumer and any person viewing this report.

12. On Plaintiff FAMULARO's report, Experian has also disclosed an account with Option One Mortgage in the "status" line is: "Paid,Closed/Past due 150 days". Similarly, the current status of the account cannot be past due if it was paid. This information is erroneous, inaccurate, and unclear to the consumer and any person viewing this report.Experian nowhere on the disclosure instructs the consumer or others on how to interpret their reporting of the "status" line. With the other 2 major consumer reporting agency disclosures, the information Experian is reporting in the "status" line is the "current status" information.

13. Additionally, Experian has already reported the alleged late payment history of the TNB-Target account in the correct field of "account history". It would be inaccurate, unclear, and duplicitous to report this information again in the "status" line. Experian is giving the false impression that VILLAFLOR's TNB-Target account was "past due 90 days" on multiple occasions.

14. Similarly, Experian is giving the false impression that FAMULARO's American General Finance and Option One Mortgage accounts are currently past due 150 days.

15. This account information is compiled from the furnishers and then disclosed in the consumer report through the E-OSCAR system. Experian has the knowledge and information to determine that the account was paid and closed, and thus Experian clearly is not following reasonable procedures to assure maximum possible accuracy.

16. Upon information and belief, Experian has reported this type of payment information in the "status" line that is less unclear by putting past tense language such as "*was* past due 90 days". Although still unclear when placed in the current "status" field, this at least shows it is possible for Defendant to produce a report that is accurate and clear. They simply choose not to do so a large portion of the time to the detriment of consumers.

17. Defendant's conduct is deliberate and willful as shown by the large number of consumers for whom they consistently fail to clearly and accurately report the "current status" and "status" information. Thus this is a willful violation of the FCRA, not a negligent one.

18. Plaintiff and the class have been damaged as a direct and proximate cause of all of the Defendant's actions. Plaintiff and class have suffered from credit reports that are unclear and erroneous and make it look like the accounts are still past due and delinquent when they are not.

19. Plaintiff and the class have suffered damage to their credit worthiness.

20. Plaintiff and the class have been damaged because this misleading information and/or errors have impaired their ability to build their credit worthiness and to obtain credit on more favorable terms.

21. As a direct result of said errors, Defendant has misinformed third parties as to the status of this account. Defendant has reflected credit information which is incorrect, inaccurate, misleading and/or false, and has failed to use reasonable procedures to assure maximum possible accuracy of the information it is reporting about a large number of consumers.

**CLASS ACTION ALLEGATIONS**

22. Definition of the Class for Count I. Plaintiffs bring all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States for whom Defendant, at any time since March 3, 2006, reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed. All individuals who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727, shall be excluded from the class.

23. Definition of the Class for Count II. Plaintiffs bring all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class, defined below (the "Class"):

> All individuals in the United States who made a file disclosure request and for whom Defendant, at any time since March 3, 2006, reported alleged late payment information in the "current status" and "status" fields when the account was already paid or closed. All individuals who received a discharge under Chapter Seven of the Bankruptcy Code, 11 U.S.C. Sec. 727, shall be excluded from the class.

Numerosity

24. At this time, Plaintiffs do not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiffs believe that Class members are so numerous that joinder of all members is impracticable. The number of class members can be determined through appropriate discovery.

Commonality

25. There are questions of law or fact common to the Class, including, *inter alia*, the following:

a. Whether Defendant's conduct alleged herein violates the FCRA;

b. Whether Defendant's failure to use reasonable procedures to assure maximum possible accuracy of the consumer disclosure violates the FCRA;

   c. Whether Defendant's failure to clearly and accurately disclose all information in the consumers' files violates the FCRA; and

d. Whether Plaintiff and the Class have been damaged and the appropriate measure of such damages.

Typicality

26. Plaintiffs have the same interests in this matter as all other members of the Class, and her claims are typical of all members of the Class.

Adequacy

27. Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions. Plaintiffs will fairly and adequately represent the interests of Class members and do not have interests adverse to the Class.

The Prerequisites of Rule 23(b)(2) are Satisfied.

28. The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

29. The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

30. Defendant's actions are generally applicable to the Class as a whole, and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole.

31. Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

The Prerequisites of Rule 23(b)(3) are Satisfied.

32. This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

**COUNT ONE—REASONABLE PROCEDURES**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Experian**

33. Plaintiffs re-allege and incorporates paragraphs 1 through 21 and 23 through 29 above as if fully stated herein.

34. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

35. Defendant willfully violated 15 U.S.C. §1681e(b), throughout the entire course of its actions, by willfully failing to follow reasonable procedures in the preparation of the consumer report concerning the Plaintiffs and the Class, to assure maximum possible accuracy of the information in the report described in above paragraphs 7 through 10 (relating to "current status" and "status"), in violation of 15 U.S.C. §1681e(b).

36. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

37. The Plaintiffs and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**COUNT TWO—FILE DISCLOSURE**

**Violations of the FCRA - 15 U.S.C. §1681 *et seq.* by Defendant Experian**

38. Plaintiffs re-allege and incorporates paragraphs 1 through 20 and 22 through 29 above as if fully stated herein.

39. At all times pertinent hereto, Defendant was a "credit reporting agency," as that term is used in the FCRA.

40. The Defendant willfully violated 15 U.S.C. §1681g(a), throughout the entire course of its actions, by willfully failing, upon request, to disclose clearly and accurately the "status" of the Plaintiffs' and the class's consumer report, in violation of U.S.C. §1681g(a).

41. The conduct, action and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

42. The Plaintiffs and Class are entitled to recover statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to §1681n and 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for an Order and judgment against Defendant as follows:

A. Entering judgment in favor of Plaintiffs and the Class against Defendant;

B. Awarding Plaintiffs and the Class their statutory damages, together with their costs and attorneys' fees;

C. Awarding Plaintiffs and the Class punitive damages as allowed by law;

D. Certifying this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) with respect to the Class, including subclasses, defined herein;

  E. Designating Plaintiffs the representatives of the Class and their counsel Class counsel; and

F. Awarding such further and other relief as the Court deems just.

**JURY TRIAL DEMAND**

Plaintiff and the Class are entitled to and hereby demand a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 28 day of August, 2008.

Respectfully Submitted by,

**LAW OFFICES OF JAMES S. KNOPF**

By: ______________________

James S. Knopf (CSBN 178934)
1840 Gateway Drive, Suite 200
San Mateo, California 94404
Telephone 650-627-9500
jsk@knopflaw.com

**LEHRMAN & LEHRMAN, P.A.**
Seth Lehrman (CSBN 178303)
1801 North Pine Island Rd., Suite 103
Plantation, Florida 33322
Telephone 954-472-9990
seth@LehrmanLaw.com

**STEVEN F. GROVER, P.A.**
Steven F. Grover
1 East Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
954-356-0005
lawhelp@earthlink.net

Attorneys for Plaintiff and Proposed Class